IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

**AMELIA TURNER,**

      **Petitioner,**

v.                                    **Case No. 1:16-cv-02902**

**DONNA M. SMITH, Acting Warden,**
**FCP Alderson,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), as amended by the addendum contained in ECF No. 6. This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's amended section 2241 petition (ECF No. 1 and 6) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIMS

### A.    The petitioner's conviction and direct appeal.

On July 1, 2009, the petitioner pled guilty, pursuant to a written plea agreement, in the United States District Court for the Western District of Virginia to one count of conspiracy to possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841

and 846, and one count of use or carrying a firearm during and in relation to, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *United States v. Turner*, No. 2:09-cr-00003-JPJ-RSB, ECF Nos. 51-52 (W.D. Va. Jul. 1, 2009). On October 26, 2009, the petitioner was sentenced to 135 months in prison on the drug offense and a consecutive 60-month sentence on the 924(c) offense. *United States v. Turner*, No. 2:09-cr-00003-JPJ-RSB, ECF No. 62 (W.D. Va. Oct. 26, 2009).[1] The petitioner did not appeal her convictions and sentences.[2]

### B. The petitioner's section 2255 motions.

On February 21, 2013, the petitioner sought to reopen plea negotiations or file a section 2255 motion out of time. (*Id.*, ECF No. 81) (docketed on February 25, 2013). The Virginia District Court treated the petitioner's filing as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (*Id.*, ECF No. 83). Ultimately, the Virginia District Court considered an Amended Section 2255 Motion in which the petitioner challenged the voluntariness of her guilty plea and issues surrounding a modification of the drug quantity at sentencing. (*Id.*, ECF No. 84). On April 29, 2013, the Virginia District Court dismissed the petitioner's Amended Section 2255 Motion as untimely, finding that there was no basis for equitable tolling of the statute of limitations. *United States v. Turner*, No. 2:09-cr-00003, 2013 WL 1796013 (W.D. Va. Apr. 29, 2013).

On December 18, 2015, the petitioner filed another motion challenging her judgment, which the court construed as another section 2255 motion. (*Id.*, ECF No. 92) (also docketed in Case No. 2:15-cv-80880-JPJ). On December 21, 2015, the Virginia District Court dismissed that motion as being an unauthorized second or successive

---

[1] The petitioner's Judgment Order was entered on October 28, 2009. (*Id.*, ECF No. 63).
[2] The petitioner's written plea agreement contained appeal and collateral attack waivers. (*Id.*, ECF No. 51 at 8).

section 2255 motion. *United States v. Turner*, 2:09-cr-00003-JPJ, ECF No. 93 (W.D. Va. Dec. 21, 2015) (unpublished). Then, on March 7, 2016, the United States Court of Appeals for the Fourth Circuit denied the petitioner's motion under 28 U.S.C. § 2244 for authorization to file a second or successive section 2255 motion. *In re: Amelia Turner*, No. 16-164 (4th Cir. Mar. 7, 2016) (unpublished).

### C. The petitioner's present section 2241 petition.

On March 28, 2016, the petitioner filed the instant section 2241 petition (ECF No. 1), with an accompanying Memorandum (ECF No. 2), asserting that her sentence was invalid at the time of sentencing, based upon the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). (ECF No. 1 at 6). Ground One of her petition further states:

> Turner was charged with 18 U.S.C. [§] 924(c) for using and carrying a firearm during and in relation to a drug trafficking offense. This charge carried an additional 60 months on her sentence. Based on the court's decision under *Bailey v. United States*, the government had to prove active employment of the weapon that Ms. Turner was charged for having. Based on the record this was not proven.

(ECF No. 1 at 7). Her request for relief states:

> Petitioner Turner seeks to be re-sentenced due to the fact she received a mandatory minimum sentence of imprisonment based on the charge. She seeks to have that charge removed and she be re-sentenced. There will be a lesser sentence based on the removal of this charge and the two-point reduction she already received.

(*Id.* at 8).

On June 2, 2016, the petitioner filed a "Motion to Attach an Addendum to 28 U.S.C. § 2241" (ECF No. 6), in which she sought to add a claim under the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). By separate Order, the undersigned treated the Motion to Attach

3

Addendum as a motion to amend the petitioner's section 2241 and granted the same. However, as will be further discussed *infra*, *Johnson* and *Welch* are not applicable to the petitioner's case.

Because it plainly appears that the petitioner is not entitled to the relief requested in this court, the undersigned has not required the respondent to answer the petition.

## ANALYSIS

### A.     The petitioner is not entitled to relief under section 2241.

The petitioner's claims clearly challenge the validity of her sentence, and not the manner in which the sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Western District of Virginia. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court. However, as noted in the procedural history, the petitioner was previously denied section 2255 relief in that court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief,

4

>by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that she may pursue such relief under section 2241. The Unite d States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

>(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334. As further noted by the Court in *Rice v. Rivera*:

>In short, under the *Jones* rule a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of such a change in the applicable law. If, conversely, the prisoner has an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.

617 F.3d 802, 807 (4th Cir. 2010).

As noted above, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255. Thus, the fact that the petitioner's first section 2255 motion was denied as untimely, and

5

her second motion was denied as being an unauthorized second or successive motion, does not make section 2255 inadequate or ineffective to test the legality of her detention and will not permit this court to review her claims under section 2241.

Furthermore, the petitioner cannot satisfy the *Jones* criteria. While she appears to be arguing that the Supreme Court's decision in *Bailey*, which limited the meaning of "use" of a firearm during and in relation to a drug trafficking crime, overruled prior law of this Circuit and rendered her "innocent" of her 924(c) offense,[3] she cannot demonstrate that that there has been a substantive change in the law <u>since the time of her conviction</u> that makes the conduct of which she was convicted no longer criminal. *Bailey* was decided in 1995 – <u>fourteen years prior</u> to the petitioner's guilty plea and sentencing. Thus, if *Bailey* had any implication on the validity of the petitioner's conviction under section 924(c), that claim was available and should have been known to her and should have been addressed, if at all, during her criminal proceedings or on direct appeal. Thus, the petitioner's *Bailey* claim is not appropriate for consideration by this federal court under section 2241.

The petitioner's claim for relief under *Johnson* and *Welch* is equally unavailing. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and, thus, a sentence enhanced thereunder violates the Due Process Clause of the Fifth Amendment. The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as "a

---

[3] The petitioner contends that she stored the weapon that formed the basis of her 924(c) offense in her vehicle for safety reasons and did not "actively employ" it during her drug crime. (ECF No. 2 at 3).

6

crime punishable ... by imprisonment for a term exceeding one year ... that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>"  18 U.S.C. § 924(e)(2)(B) (Emphasis added).  The emphasized portion of this definition is known as the Act's "residual clause," which is the portion of the statute that was invalidated in *Johnson*.

The petitioner was not sentenced under the ACCA; however, her addendum asserts that, if the decision in *Johnson* is extended to the "residual clause" contained in section 924(c)(3)(B), she would be able to challenge her conviction on that basis. However, even if the holding in *Johnson* extends to section 924(c), it has no effect on the definition of a drug trafficking crime under either the ACCA or section 924(c). Because the petitioner's crime of conviction was a drug trafficking crime, *Johnson* is wholly inapplicable to her case. *See, e.g., United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016); *United States v. Richardson*, 653 F. App'x 209, 210 n.\* (4th Cir. 2016). Thus, the petitioner cannot satisfy the *Jones* criteria for review of this claim under the savings clause.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of her detention and, thus, her claims are not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in her section 2241 petition.

7

Moreover, while this court could construe the petitioner's petition as section 2255 motion and transfer it to her court of conviction, such action would be futile because such a motion would likely be another unauthorized second or successive motion. It further appears that the petitioner would not be entitled to any collateral relief on her claims. Therefore, treating the present petition as a section 2255 motion and transferring it to the court of conviction would be futile.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1 and 6) and this civil action for lack of jurisdiction.

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

March 10, 2017

Dwane L. Tinsley
United States Magistrate Judge