IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

AMELIA TURNER,

     Petitioner,

v.                           CIVIL ACTION NO. 1:16-2902

DONNA M. SMITH, Acting Warden,
FPC Alderson,

     Respondent.


**MEMORANDUM OPINION AND ORDER**

By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). See Doc. No. 4.

Magistrate Judge Tinsley submitted to the court his PF&R on March 10, 2017, in which he recommended that the court dismiss Petitioner's amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, see Doc. Nos. 1 and 6; and dismiss this civil action for lack of jurisdiction.

In accordance with 28 U.S.C. § 636(b), the parties were allotted seventeen days in which to file any objections to the Magistrate Judge's PF&R. The failure of any party to file such objections within the time allotted constitutes a waiver of such party's right to a de novo review by this court. See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Neither party filed

any objections to the Magistrate Judge's PF&R within the required time period.

Accordingly, the court adopts Magistrate Judge Tinsley's PF&R as follows:

1) Petitioner's amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, see Doc. Nos. 1 and 6, is **DISMISSED**;

2) This civil action is **DISMISSED** for lack of jurisdiction; and

3) The Clerk is directed to remove this matter from the docket of the court.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336—38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683—84 (4th Cir. 2001).  The court concludes that the governing

standard is not satisfied in this instance.  Accordingly, the

court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this

Memorandum Opinion and Order to counsel of record and to

Petitioner.

It is **SO ORDERED** this 22nd day of May, 2017.

ENTER:

David A. Faber
Senior United States District Judge